UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Emory Alvin Michau, Jr., | ) | C/A No.: 3:07-cv-3020-GRA-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | (Written Opinion) |
| NFN Rojas, Tact Officer; NFN Caswell, | ) | |
| Tact Officer; NFN Piritis, Tact Officer; | ) | |
| NFN Laguar, Tact Officer; NFN Torres, | ) | |
| Tact Officer; NFN Wiliiams, Tact Officer; | ) | |
| NFN Kelly, Tact Officer; NFN Gaines, | ) | |
| Tact Officer; all defendants of the | ) | |
| Charleston County Detention Center, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court to review the magistrate's Report and Recommendation, filed June 25, 2008, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.02 (d), D.S.C. For the reasons herein, this Court adopts the Report and Recommendation in its entirety.

**Background**

Plaintiff originally filed this case on September 6, 2007. On March 25, 2008, the defendants filed a motion for summary judgment. The court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising the plaintiff of the summary judgment procedure and the possible consequences if he failed to respond. Plaintiff did not respond. The Court issued a second order on May 9, 2008 giving the plaintiff an additional fifteen days to inform the court whether or not he

wanted to continue with this action. The plaintiff requested and received an extension to answer the defendants' motion. Regardless of the extension, the plaintiff did not file a response. The magistrate recommends dismissing this action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

### Standard of Review

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* Plaintiff filed objections.

### Objections

Plaintiffs objections are not specific.  Rather than pointing to specific errors in the magistrate's report, the plaintiff apologizes for and explains his failure to respond. In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).

### Conclusion

After a thorough review of the magistrate's Report and Recommendation, the plaintiff's objections, and the relevant case law, this Court finds that the magistrate applied sound legal principles to the facts of this case.  Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

IT IS THEREFORE SO ORDERED THAT the plaintiff's complaint be dismissed.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

July 22, 2008
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**